UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MARIA DEL CARMEN HUERTA MORALES,<br><br>Plaintiff,<br><br>vs.<br><br>WALT'S WHOLESALE MEATS, INCORPORATED,<br><br>Defendant. | CASE NO. 3:23-cv-06043-GJL<br><br>**DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**<br><br>**NOTE ON MOTION CALENDAR:**<br>Friday, March 22, 2024 |

## I.   INTRODUCTION AND RELIEF REQUESTED

Defendant Walt's Wholesale Meats, Inc. (hereinafter "Defendant" or "WWM"), by and through its attorney of record, hereby moves this Court to dismiss the Complaint filed by Plaintiff Maria Del Carmen Huerta Morales ("Plaintiff" or "Morales") because Plaintiff has engaged in impermissible "shotgun" pleading, and because some potential claims under the Americans with Disabilities Act ("ADA") are untimely. Defendant also moves to dismiss Plaintiff's potential claims under ADA and the Washington Paid Family Medical Leave Act for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

/ / /

/ / /

/ / /

DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM - Page 1
(Case No. 2:23-cv-06043-GJL)

**O'HAGAN MEYER PLLC**
600 1st Avenue
Suite 102, #2256
Seattle, WA 98104
Telephone: 971-315-0650

## II. RELEVANT FACTUAL BACKGROUND

### A. Procedural Posture of this Matter

On August 15, 2022, Morales initiated a Charge with the U.S. Employment Opportunity Commission ("EEOC"). On December 22, 2022, Morales signed her Charge of Discrimination ("Charge"). On August 16, 2023, the EEOC issued Plaintiff a Notice of Right to Sue without making a determination on the Charge.

On November 14, 2023, Plaintiff filed her Complaint with this Court. *See* Dkt. # 1. On January 3, 2024, Plaintiff sent Defendant a request to waive the service of the Summons and Complaint, and Defendant agreed to waive service. Defendant therefore had a period of sixty (60) days until Sunday, March 3, 2024, to respond to the Complaint pursuant to Rule 4(d)(3) of the Federal Rules of Civil Procedure.

### B. Brief Summary of Plaintiff's Allegations in the Facts Section of Complaint

Plaintiff alleged that she began working for Defendant in January 2018. Complaint (Dkt. #1), ¶ 3.3. Plaintiff alleged facts generally describing some of the operations in the location where she worked. *Id*. at ¶¶ 3.3 – 3.6. She included allegations describing some of the health conditions she has experienced over time. *Id*. at ¶ 3.7 – 3.10. She included allegations describing a period in 2020 when she took medical leave for one month and returned to work. *Id*. ¶ 3.10 – 3.12. Plaintiff alleges that, in January 2021, Defendant granted her request to transfer from working in a "cold" production" area to working in a warmer area as an accommodation. *Id*. at ¶¶ 3.13 – 3.14.

Plaintiff alleges that, after working in the warmer working area for several months, she requested light duty as an accommodation, or requested to work in an area where she was not required to lift more than ten pounds at a time. *Id*. at ¶¶ 3.16 – 3.20. Plaintiff alleges these requests were not granted, and she took a second period of medical leave until she returned to work on or about October 21, 2021. *Id*. at ¶¶ 3.21 – 3.24.

///

///

DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM - Page 2
(Case No. 2:23-cv-06043-GJL)

O'HAGAN MEYER PLLC
600 1st Avenue
Suite 102, #2256
Seattle, WA 98104
Telephone: 971-315-0650

Plaintiff alleges that, on October 23, 2021, she began experiencing symptoms due to chemical odors, and requested to leave work to seek medical attention. *Id*. at ¶¶ 3.25 – 3.31. Plaintiff alleges Defendant terminated her employment the same day, October 23, 2021, and months later did not rehire her. *Id*. at ¶¶ 3.32 – 3.33.

The remaining paragraphs in the "Facts" section of Plaintiff's Complaint contain a series of vague legal conclusions. *Id*. at ¶¶ 3.34 – 3.37.

### III. ISSUES PRESENTED

1. Whether Plaintiff's Complaint should be dismissed for failing to meet the standards in Rules 8 and 10 because the Complaint engages in impermissible "shotgun" pleading.

2. Whether any claims under the ADA, based on events that occurred more than 300 days prior to the date Plaintiff filed her EEOC Charge, are time barred and untimely.

3. Whether Plaintiff has failed to allege facts to support of plausible cause of action for certain claims asserted under the ADA and the Washington Paid Family Medical Leave Act.

### IV. DISCUSSION OF APPLICABLE LEGAL STANDARDS

#### A. Standard for Pleadings

Pursuant to Rule 8(a)(2) of the Federal Rules of Civil Procedure ("FRCP"),[1] a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." "To comply with Rule 8 each plaintiff must plead a short and plain statement of the elements of his or her claim, identifying the transaction or occurrence giving rise to the claim and the elements of a prima facie case." *Bautista v. Los Angeles County*, 216 F.3d 837, 840 (9th Cir. 2000).

Rule 10(b) provides in part that "[i]f doing so would promote clarity, each claim founded on a separate transaction or … must be stated in a separate count or defense."

/ / /

/ / /

---

[1] Rules cited herein refer to the FRCP unless otherwise indicated.

DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM - Page 3
(Case No. 2:23-cv-06043-GJL)

O'HAGAN MEYER PLLC
600 1st Avenue
Suite 102, #2256
Seattle, WA 98104
Telephone: 971-315-0650

B.     **Standards for Rule 12(b)(6) Motion**

A party may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Rule 12(b)(6). A court may grant a motion to dismiss "based on the lack of a cognizable legal theory or the absence of sufficient facts alleged." *UMG Recordings, Inc. v. Shelter Capital Partners LLC*, 718 F.3d 1006, 1014 (9th Cir. 2013).

To survive a motion to dismiss, a complaint must contain sufficient factual matter (taken as true) to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also CallerID4u, Inc. v. MCI Commc'ns Servs.*, 880 F.3d 1048, 1061 (9th Cir. 2018). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Teixeira v. City of Alameda*, 873 F.3d 670, 678 (9th Cir. 2017). The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Twombly*, 550 U.S. at 556. When a complaint states facts that are "merely consistent with" a defendant's liability, the complaint "stops short of the line between possibility and plausibility of 'entitlement to relief." *Id.* at 557 (citations omitted). Complaints in federal court must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(a)(2). The rule does "not require detailed factual allegations but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). "[L]abels and conclusions, and a formulaic recitation of the elements of a cause of action's elements will not do." *Twombly*, 550 U.S. at 555.

V.     **ARGUMENT**

A.     **Plaintiff Has Engaged in Impermissible "Shotgun" Pleading**

"Complaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as 'shotgun pleadings.'" *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015); *Nissen v. Lindquist*, No. C16-5093 BHS, 2017 U.S. Dist. LEXIS 480, at *3 (W.D. Wash. Jan. 3, 2017). The term "shotgun pleading" appears to have originated in a footnote

DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S
COMPLAINT AND MOTION TO DISMISS FOR FAILURE
TO STATE A CLAIM - Page 4
(Case No. 2:23-cv-06043-GJL)

O'HAGAN MEYER PLLC
600 1st Avenue
Suite 102, #2256
Seattle, WA 98104
Telephone: 971-315-0650

|   |   |
|---|---|
| 1 | in a dissenting opinion in the Eleventh Circuit in 1985. *See Weiland*, 792 F.3d at 1320. It has come |
| 2 | to refer to a collection of pleading practices that the Eleventh Circuit has held violate either Rule |
| 3 | 8(a)(2)'s requirement that a complaint must include "a short and plain statement of the claim |
| 4 | showing that the pleader is entitled to relief" or Rule 10(b)'s requirement that "each claim founded |
| 5 | on a separate transaction or occurrence . . . must be stated in a separate count" if "doing so would |
| 6 | promote clarity." *See id*. at 1320-23; *see also E.K. v. Nooksack Valley Sch. Dist.*, No. C20-1594- |
| 7 | JCC, 2021 U.S. Dist. LEXIS 74942, at *3 (W.D. Wash. Apr. 19, 2021). The Eleventh Circuit has |
| 8 | identified four types or categories of shotgun pleadings as follows: |

> [**First**] is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint. [**Second**] is a complaint that … is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action. [**Third**] is one that commits the sin of not separating into a different count each cause of action or claim for relief. **Fourth**, and finally, there is the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against. The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests.

*See Weiland*, 792 F.3d at 1321-23; *see also Nissen*, 2017 U.S. Dist. LEXIS 480, at *3 (emphasis added).

Applying these same premises, District Courts within the Ninth Circuit "routinely dismiss" complaints that leave the Court and the defendant guessing what facts support the plaintiff's claims. *Nooksack Valley Sch. Dist.*, 2021 U.S. Dist. LEXIS 74942, at *4-5. In *Nooksack Valley Sch. Dist.*, the Court dismissed claims dismissed where Plaintiff's negligence and WLAD claims did not "identify[] the transaction or occurrence giving rise to the claim[s]." *Id*. at *6. In *Nissen*, the Court dismissed the complaint because Court could not separate the factual allegations from the conclusory statements in the complaint in order to assess whether Plaintiff had stated valid claims for relief, but "[a]bsent guesswork" was "unable to piece the puzzle together." 2017 U.S. Dist.

DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S
COMPLAINT AND MOTION TO DISMISS FOR FAILURE
TO STATE A CLAIM - Page 5
(Case No. 2:23-cv-06043-GJL)

O'HAGAN MEYER PLLC
600 1st Avenue
Suite 102, #2256
Seattle, WA 98104
Telephone: 971-315-0650

LEXIS 480, at *5. In *SEC v. Otto*, 2010 U.S. Dist. LEXIS 156224, *15, 2010 WL 11682498 (W.D. Wash. 2010), the Court dismissed the complaint because it did not "connect the factual allegations to the claims made, and thus [did] not allow [the defendant] to prepare an adequate defense."

It is not the Court's duty to sort through Plaintiff's complaint to piece together the basis of her claims. *See Seidler v. Amazon*, No. C23-0816JLR, 2023 U.S. Dist. LEXIS 188369, at *13 (W.D. Wash. Oct. 19, 2023). "Judges are not like pigs, hunting for truffles buried in briefs." *Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) (quoting *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991)). A complaint "is not a puzzle,' and Courts are "loathe to allow plaintiffs to tax defendants, against whom they have leveled very serious charges, with the burden of solving puzzles in addition to the burden of formulating an answer to their complaint." *In re Autodesk, Inc. Sec. Litig.*, 132 F. Supp. 2d 833, 842 (N.D. Cal. 2000) (quoting *Decker v. GlenFed, Inc.* (*In re GlenFed, Inc. Sec. Litig.*), 42 F.3d 1541, 1554 (9th Cir. 1994)).[2]

Applying the same principles to the present case, Plaintiff's Complaint commits the follies described in the second and third types of shotgun pleading. For the second type, Plaintiff's Complaint is replete with immaterial facts and conclusory statements that are not obviously connected to any particular cause of action. Plaintiff alleged a broad array of facts in her Complaint. Plaintiff alleged facts generally describing some of the operations in the location where she worked. Complaint, ¶¶ 3.3 – 3.6. She included allegations describing some of the health conditions she has experienced over time. *Id*. at ¶¶ 3.7 – 3.10. She included allegations describing a period in 2020 when she took medical leave for one month and returned to work. *Id*. at ¶¶ 3.10 – 3.12. Plaintiff alleges that, in January 2021, Defendant granted her request to transfer from working in a "cold" production" area to working in a warmer area as an accommodation. *Id*. at ¶¶ 3.13 – 3.14. Plaintiff alleges that, after working in the warmer working area for several months, she requested light duty

---

[2] *GlenFed* was superseded by the Private Securities Litigation Reform Act of 1995, Pub.L. No. 104-67 (1995) ("PLSRA") with respect to the "scienter" element, which is inapplicable to this case. *See Arnlund v. Deloitte & Touche Llp,* 199 F. Supp. 2d 461, 471 (E.D. Va. 2002).

DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM - Page 6
(Case No. 2:23-cv-06043-GJL)

O'HAGAN MEYER PLLC
600 1st Avenue
Suite 102, #2256
Seattle, WA 98104
Telephone: 971-315-0650

as an accommodation, or requested to work in an area where she was not required to lift more than ten pounds at a time. *Id.* at ¶¶ 3.16 – 3.20. Plaintiff alleges these requests were not granted, and she took a second period of medical leave until she returned to work on or about October 21, 2021. *Id*. at ¶¶ 3.21 – 3.24. Plaintiff alleges that, on October 23, 2021, she began experiencing symptoms due to chemical odors, and requested to leave work to seek medical attention, which Defendant granted. *Id*. at ¶¶ 3.25 – 3.31. Plaintiff alleges Defendant terminated her employment the same day, October 23, 2021, and one or two months later did not rehire her. *Id*. at ¶¶ 3.32 – 3.33. The remaining paragraphs in the "Facts" section of Plaintiff's Complaint contain a series of vague and conclusory legal conclusions. *Id*. at ¶¶ 3.34 – 3.37. Nowhere in her Complaint does Plaintiff connect any of the facts in this broad spectrum to any specific legal theory or cause of action. In this way, her Complaint constitute a "shotgun" pleading.

For the third type of shotgun pleading, Plaintiff's Complaint does not separate into a different count each cause of action or claim for relief. Instead, in the "Causes of Action" section of her Complaint, Plaintiff merely inserted several paragraphs vaguely reciting certain "entitlements" she purports to have under federal and state law, followed by a several paragraph listing, in purely conclusory fashion, that Defendant's actions have violated the ADA, the Washington Law Against Discrimination ("WLAD"), and the Washington Paid Family Medical Leave Act ("WPFMLA"). Plaintiff, in her Complaint, did not separate into different counts each cause of action: she did not even state what causes of action she intends to assert under any of the laws she referenced. In other words, Plaintiff did not state how Defendant allegedly violated the ADA, the WLAD, or the WPFMLA, and did not state upon what legal theory she intends to rely for each cause of action. Consequently, Defendant and the Court are left guessing what specific causes of action Plaintiff intends to assert, and what facts she contends support those causes of action. Due to these deficiencies, Plaintiff's Complaint constitutes a "shotgun" pleading that fails to meet the standards required by Rule 8 and Rule 10 of the FRCP.

///

DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM - Page 7
(Case No. 2:23-cv-06043-GJL)

O'HAGAN MEYER PLLC
600 1st Avenue
Suite 102, #2256
Seattle, WA 98104
Telephone: 971-315-0650

Because Plaintiff has engaged in "shotgun" pleading, and her Complaint does not comply with the requirements of Rule 8 and Rule 10 of the FRCP, the Complaint should be dismissed.

**B.     Claims Under the ADA for Events Before October 19, 2021 Are Time Barred**

Administrative exhaustion is a prerequisite to filing suit under the ADA. 42 U.S.C. § 12117; *see also Josephs v. Pac. Bell*, 443 F.3d 1050, 1061-62 (9th Cir. 2006) (discussed administrative exhaustion of ADA claims and remedies). Because Washington is a "deferral state," a plaintiff must file her EEOC charge within 300 days of the allegedly offending conduct. 42 U.S.C. § 12117; *see also Seidler*, 2024 U.S. Dist. LEXIS 4634, at *3. Claims based on events, or allegedly offending conduct, that took place more than 300 days before the Charge was filed are untimely and time barred. *See Stewart v. SEIU United Healthcare Workers-West*, No. C 11-04438 JSW, 2012 U.S. Dist. LEXIS 53954, at *5 (N.D. Cal. Apr. 17, 2012); *Ward v. Fla.*, 212 F. Supp. 2d 1349, 1355, No. 4:01cv478-WCS (N.D. Fla. July 12, 2002).

Plaintiff alleges she filed a Charge with the EEOC on August 15, 2022. Complaint, ¶ 2.4. 300 days prior to August 15, 2022 was October 19, 2021. Accordingly, any claims under the ADA based on any event or allegedly offending conduct that occurred prior to October 19, 2021 are untimely and time barred.

**C.     Plaintiff Fails to State Plausible Claims**

While Plaintiff has not stated what claims she is asserting, to the extent she included paragraphs in the "Causes of Action" section of the Complaint listing certain legal "entitlements," Plaintiff has not even alleged facts to support plausible claims related to them under the ADA and the WPFMLA.

1.     <u>Disability Discrimination Under the ADA</u>

Plaintiff stated in her Complaint that, under Federal and State law, she is "entitled to a workplace free from disability discrimination … ." Complaint, ¶ 4.2. To prevail on a disability discrimination claim premised on an alleged wrongful termination, a plaintiff must establish that: (1) she is a person with a disability within the meaning of the statute; (2) she is qualified—i.e., she

DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM - Page 8
(Case No. 2:23-cv-06043-GJL)

O'HAGAN MEYER PLLC
600 1st Avenue
Suite 102, #2256
Seattle, WA 98104
Telephone: 971-315-0650

is able to perform the essential function of the job with or without reasonable accommodation; and (3) she was discharged because of the disability. *Mayo v. PCC Structurals, Inc.*, 795 F.3d 941, 944 (9th Cir. 2015); *Dunlap v. Liberty Nat. Products, Inc.*, 878 F.3d 794, 798-99 (9th Cir. 2017); *Poe v. Waste Connections US, Inc.*, 371 F. Supp. 3d 901, 909 (W.D. Wash. 2019) (noting that the same elements apply under the ADA and WLAD). Under the ADA, an individual is disabled under the first prong if she has a physical or mental impairment that substantially limits one or more of her major life activities; she has a record of such an impairment; or she is regarded as having such an impairment. *Coons v. Sec'y of U.S. Dep't of Treasury*, 383 F.3d 879, 884 (9th Cir. 2004) (citing 42 U.S.C. § 12102); *Shields v. Credit One Bank, N.A.*, 32 F.4th 1218, 1222 (9th Cir. 2022).

Here, Plaintiff does not allege facts to state a plausible claim for disability discrimination. First, she does not show that her symptoms on October 23, 2021 qualified as a disability, and she has thus failed to state a claim for disability discrimination. *See Vopnford v. Wellcare Health Plans*, No. C16-1835-JLR, 2017 U.S. Dist. LEXIS 125330, 2017 WL 3424964, at *11 (W.D. Wash. Aug. 8, 2017) (dismissing ADA claim for failure to allege a disability or state a claim). Plaintiff merely claims that on October 23, 2021, due to the presence of odors, she began experiencing symptoms "associated with her medical impairments," including "a headache and difficulty breathing." Complaint, ¶ 3.29. She does not allege that on October 23, 2021, she had a condition or impairment that substantially limited one or more life activities. *See id*. at ¶¶ 3.34 – 3.36.

Even if Plaintiff's claims were sufficient to satisfy the first element, Plaintiff makes only purely conclusory allegations or formulaic recitals of the remaining elements that are not sufficient to state a claim. *Iqbal*, 556 U.S. at 678. Plaintiff did not plead facts to support the second element that she was qualified to perform the position with or without an accommodation. For the third element, Plaintiff must establish she was replaced by or treated less favorably than a person outside the protected class. *See Poe*, 371 F. Supp. 3d at 911. Plaintiff did not plead any facts that would satisfy the third element. Therefore, Plaintiff has not stated a claim for disability discrimination.

/ / /

DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM - Page 9
(Case No. 2:23-cv-06043-GJL)

O'HAGAN MEYER PLLC
600 1st Avenue
Suite 102, #2256
Seattle, WA 98104
Telephone: 971-315-0650

### 2. Rehiring Under the ADA

For similar reasons, Plaintiff has not stated a plausible claim of discrimination based on Defendant allegedly not rehiring her one or two months after her termination. Plaintiff alleges, in the Complaint, merely that Defendant "did not" hire her when she reapplied. Complaint, ¶ 3.33. She did not allege the position to which she applied, whether she could perform that position with or without an accommodation, whether or not Defendant had any positions available, or whether anyone outside her class was treated differently than her. Therefore, Plaintiff has not stated a claim based on Defendant allegedly not rehiring her.

### 3. Retaliation Under the ADA

Plaintiff stated in her Complaint that, under Federal and State law, she is "entitled to a workplace free from … retaliation." Complaint, ¶ 4.2. The ADA provides that "[n]o person shall discriminate against any individual because such individual has opposed an act or practice made unlawful by this chapter . . . ." 42 U.S.C. § 12203(a). To establish a prima facie case of retaliation, a plaintiff must show that: (1) she was engaged in a protected activity; (2) that she suffered an adverse action; and (3) that there was a causal link between the two. *T.B. ex rel. Brenneise v. San Diego Unified Sch. Dist.*, 806 F.3d 451, 473 (9th Cir. 2015). Under the ADA, to show the necessary causal link, Plaintiff must demonstrate that her protected activity was the "but-for cause" of her termination. *Id.* at 473.

Here, Plaintiff offered only bare and conclusory allegations of retaliation. She alleges she was terminated and that subsequently Defendant did not hire her again. However, aside from her conclusory allegations, Plaintiff did not plead facts that would support a retaliation claim. Regarding the first element, with respect to the events on October 23, 2021, Plaintiff has not alleged she engaged in a protected activity. Plaintiff merely alleges she "left the 'kill floor' to get permission from Walt's management to leave work and seek immediate medical attention." Complaint, ¶ 3.30. Plaintiff does not allege why or on what basis this was a protected activity.

/ / /

DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM - Page 10
(Case No. 2:23-cv-06043-GJL)

O'HAGAN MEYER PLLC
600 1st Avenue
Suite 102, #2256
Seattle, WA 98104
Telephone: 971-315-0650

Regarding the third element, Plaintiff did not plead sufficient facts to support whether there is a causal link between an adverse action and any protected Plaintiff's protected activity. The causation element requires Plaintiff to plead facts "sufficient to raise the inference that protected activity was the likely reason" for the adverse actions. *Spokoiny v. Univ. of Wash. Med. Ctr.*, No. C22-0536JLR, 2024 U.S. Dist. LEXIS 3014, at *18 (W.D. Wash. Jan. 4, 2024) (citing *Davis v. Team Elec. Co.*, 520 F.3d 1080, 1094 (9th Cir. 2008).). However, the allegations in the Complaint do not satisfy this standard because Plaintiff did not plead facts about who made the termination decision, whether that person had knowledge of any protected activity, when the decision was made, or whether her work performance was satisfactory before the adverse action. Instead of identifying a causal link, Plaintiff relied on legal conclusions. To wit, Plaintiff stated a conclusion that she "was discharged from employment because of discrimination related to her medical impairments and in retaliation for seeking reasonable accommodation and protected medical leave." Complaint, ¶ 3.36. Plaintiff's retaliation claims therefore fail because her Complaint fails to establish a causal link between any alleged protected activity and any adverse employment action she may have suffered.

    4.    <u>Reasonable Accommodation Under the ADA</u>

Plaintiff stated in her Complaint that, under Federal and State law, she is "entitled to a reasonable accommodation for her disabilities." Complaint, ¶ 4.3. For a claim for failure to provide a reasonable accommodation under the ADA, the plaintiff is required to show that: (1) she is disabled; (2) she is qualified for the job in question and capable of performing it with reasonable accommodation; (3) the employer had notice of her disability; and (4) the employer failed to reasonably accommodate her disability." *See McDaniels v. Grp. Health Co-op.*, 57 F. Supp. 3d 1300, 1314 (W.D. Wash. 2014) (citing *Samper v. Providence St. Vincent Med. Cntr.*, 675 F.3d 1233, 1237 (9th Cir. 2012); *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1088-89 (9th Cir. 2002)).

Within the 300-day time period, the only alleged events at issue in Plaintiff's ADA claims were the events on October 23, 2021. As pleaded, Plaintiff has not stated a claim for failure to provide a reasonable accommodation on October 23, 2021. To the contrary, she alleges, while she

DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM - Page 11
(Case No. 2:23-cv-06043-GJL)

O'HAGAN MEYER PLLC
600 1st Avenue
Suite 102, #2256
Seattle, WA 98104
Telephone: 971-315-0650

1  was at work, she began to have symptoms due to the presence of odors, and she requested *and*
2  *received* permission to leave work to seek medical attention. Complaint, ¶¶ 3.29 – 3.31. Thus,
3  Plaintiff admits Defendant granted her request to leave work because she was not feeling well. The
4  allegations alone that Defendant terminated her employment while she was at the doctor's office
5  does not support a failure for failure to provide accommodation: they would relate to a discharge
6  claim. *See id*. at ¶ 3.32. Therefore, Plaintiff failed to state a claim for failure to provide an
7  accommodation under the ADA.

      5.    <u>Job Restoration Under the WPFMLA</u>

Plaintiff stated in her Complaint that she is entitled "to seek protected leave … and to be restored to an equivalent position … ." Complaint, ¶ 4.4. Plaintiff also alleges that she used medical leave during two periods, once in 2020 and once in 2021, and each time she returned to work. *See id*. at ¶¶ 3.10, 3.21 – 3.23. In 2020, Plaintiff alleges, she was "required to take medical leave for one month." *See id.* at ¶ 3.10. She then alleges that, in or about December 2020, Plaintiff "returned to work in the cold production area." *Id*. at ¶¶ 3.11. In 2021, Plaintiff alleges, she requested to work in areas where she was not required to lift more than ten pounds or be transferred to another position that did not require lifting. *Id*. at ¶¶ 3.18 – 3.20. When Defendant allegedly did not grant Plaintiff's request, she alleges, she was "forced to request a short, defined period of additional time off." *Id*. at ¶ 3.21. Plaintiff then asserts that she returned to work on or about October 21, 2021. *Id*. at ¶ 3.23.

It is not clear, therefore, whether Plaintiff intends to assert a claim based on failure to restore her to her position after using leave. To the extent she is asserting such a claim, she has failed to plead sufficient facts to support a plausible claim that Defendant failed to restore her to her position after taking protected leave prior to returning to work in December 2020 and October 2021. To the contrary, Plaintiff admits each time she took leave under the WPFMLA she returned to work.

      6.    <u>Maintaining Health Benefits Under the WPFMLA</u>

Plaintiff stated in her Complaint that an employer "shall maintain any existing health benefits . . . for the duration of such leave … ." *See id*. at ¶ 4.5. However, she did not allege any

DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S
COMPLAINT AND MOTION TO DISMISS FOR FAILURE
TO STATE A CLAIM - Page 12
(Case No. 2:23-cv-06043-GJL)

O'HAGAN MEYER PLLC
600 1st Avenue
Suite 102, #2256
Seattle, WA 98104
Telephone: 971-315-0650

facts to support a claim that Plaintiff failed to maintain her health benefits when she used leave in 2020 and 2021. To the extent Plaintiff intends to assert a such a claim on this basis, she has failed to plead sufficient facts to support a plausible claim that Defendant failed to maintain her health benefits for the duration of her periods of leave discussed above in 2020 and 2021.

       7.    <u>Providing a Written Statement of Rights to Protected Medical Leave Under the WPFMLA</u>

Plaintiff states in her Complaint that "an employer shall provide an employee with a written statement of the employee's rights to protected medical leave." *See id*. at ¶ 4.6. However, Plaintiff did not allege any facts that Defendant failed to provide Plaintiff with notice of her rights to use leave. To the extent Plaintiff intends to assert a claim on this basis, she has failed to plead sufficient facts to support a plausible claim.

## VI.    CONCLUSION

Defendant requests the Court to dismiss Plaintiff's Complaint in its entirety because Plaintiff's has engaged in impermissible "shotgun" pleading. Alternatively, Defendant requests the Court to dismiss the claims discussed above because Plaintiff has failed to state a claim.

I certify this Motion contains 4,470 words in compliance with the Local Civil Rules of this District.

DATED this 29th day of February, 2024.    O'HAGAN MEYER PLLC

        By: *s/ Brad Bigos*
            Brad Bigos, WSBA No. 52297
            bbigos@ohaganmeyer.com
            600 1st Avenue
            Suite 102, #2256
            Seattle, WA 98104
            Telephone: 971-315-0650

            *Attorney for Defendant*
            *Walt's Wholesale Meats, Inc.*

DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM - Page 13
(Case No. 2:23-cv-06043-GJL)

O'HAGAN MEYER PLLC
600 1st Avenue
Suite 102, #2256
Seattle, WA 98104
Telephone: 971-315-0650

# CERTIFICATE OF SERVICE

I hereby certify that on February 29, 2024, I electronically filed the foregoing document entitled **DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**, with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the CM/ECF registered participant(s):

| *Plaintiffs' Attorneys*: | |
|---|---|
| James W. Beck, WSBA No. 34208<br>Eric D. Gilman, WSBA No. 41680<br>Janelle E. Chase Fazio, WSBA No. 51254<br>BECK CHASE GILMAN PLLC<br>705 S. Ninth Street, Suite 305<br>Tacoma, WA  98405<br>Telephone:  (253) 289-5104<br>E-Mails:     james@bcglawyers.com<br>                    eric@bcglawyers.com<br>                    janelle@bcglawyers.com | ☐ via U.S. Mail, Postage Prepaid<br>☐ via Legal Messenger<br>☐ via Facsimile<br>☐ via E-mail<br>☒ via CM/ECF Notification |

DATED this 29th day of February, 2023.

        *s/ Heather A. Coffey*
        Heather Coffey, Legal Assistant
        hcoffey@ohaganmeyer.com

DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM - Page 14
(Case No. 2:23-cv-06043-GJL)

O'HAGAN MEYER PLLC
600 1st Avenue
Suite 102, #2256
Seattle, WA 98104
Telephone: 971-315-0650