The Hon. Tiffany M. Cartwright

In the United States District Court
For the Western District of Washington

| | |
|---|---|
| Maria Del Carmen Huerta Morales,<br><br>        Plaintiff,<br><br> v.<br><br>Walt's Wholesale Meats, Incorporated,<br><br>        Defendant. | No. 3:23-cv-06043-TMC<br><br>**Plaintiff's Opposition to Defendant's Motion to Dismiss** |

## I. Introduction

As defined on the <u>first</u> page of Plaintiff's Complaint, this is a case of disability discrimination brought under the Americans with Disabilities Act (ADA), the Washington Law Against Discrimination (WLAD), and the Washington Family and Medical Leave Act (WFMLA). Plaintiff Maria Del Carmen Huerta Morales (Morales) developed serious lung conditions during the nearly four years she worked for Defendant Walt's Wholesale Meats, Inc. (Walt's). Walt's had knowledge of Morales' conditions through communicated medical leaves and requests for accommodation. On October 23, 2021, Morales was summarily fired after requesting to leave work to seek immediate medical attention for her known medical issues. While Morales has concurrent state and federal employment claims, all are connected to the same factual occurrences related to her ongoing medical issues and Defendant's responses to same, including the decision to fire her. Defendant improperly attempts to impose a *prima facie* standard at the pleadings phase and



Beck Chase Gilman PLLC
705 S. Ninth St., Suite 305
Tacoma, WA 98405
253.289.5104

incorrectly argues Morales has engaged in "shotgun pleading." However, Morales' complaint complies with Federal Rules 8 and 10, and should not be dismissed.

## II. Legal Authority and Discussion

A.    **Morales' Complaint Survives A Motion For Dismissal Under Rule 12(b)(6).**

Motions to dismiss brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under such a theory. *See Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990). "On a motion to dismiss, the court accepts the facts alleged in the complaint as true," and the complaint is construed in the plaintiff's favor. *UMG Recordings, Inc. v. Shelter Cap. Partners LLC*, 718 F.3d 1006, 1014 (9th Cir. 2013); *see also Keniston v. Roberts*, 717 F.2d 1295, 1301 (9th Cir. 1983). "To survive a motion to dismiss, the complaint does not require detailed factual allegations but must provide the grounds for entitlement to relief and not merely a 'formulaic recitation' of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007). Plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face." *Id*. at 1974. For most types of cases, the Federal Rules eliminated the requirement that a plaintiff set out in detail the facts upon which she bases her claim. *Id*. Instead, a plaintiff must provide some factual allegation in the complaint that provides fair notice of the nature of the claim, and also the grounds on which the claim rests. *Id*. Plaintiff has done that here.

B.    **Defendant Attempts To Impose A *Prima Facie* Standard At The Pleadings Phase.**

Both Federal and Washington Courts follow a "notice pleading" rather than a "fact pleading" standard. *See* Fed. R. Civ. P. 8(a)(2). This is particularly true in employment cases: A complaint in an employment discrimination lawsuit need not contain specific facts establishing a *prima facie* case of discrimination. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002). In dismissing *Swierkiewicz* on a 12(b)(6) motion, the trial court ruled

Pl.'s Opp. To Def.'s Mot. To Dismiss – 2 of 13
(No. 3:23-cv-06043-TMC)



Beck Chase Gilman PLLC
705 S. Ninth St., Suite 305
Tacoma, WA 98405
253.289.5104

that the plaintiff did not plead a *prima facie* case of discrimination and therefore could not survive a motion to dismiss. *Id.* at 510–11. The United States Supreme Court overruled this decision, holding: "The prima facie case under *McDonnell Douglas*, however, is an evidentiary standard, not a pleading requirement." *Id.* "This Court has never indicated that the requirements for establishing a prima facie case under *McDonnell Douglas* also apply to the pleading standard that plaintiffs must satisfy in order to survive a motion to dismiss." *Id.* "For instance, we have rejected the argument that a Title VII complaint requires greater 'particularity,' because this would 'too narrowly constric[t] the role of the pleadings.'" *Id.* (quoting *McDonald v. Santa Fe Trail Transp. Co.*, 427 U.S. 273, 283, n. 11, 96 S.Ct. 2574, 49 L.Ed.2d 493 (1976)). "Consequently, the ordinary rules for assessing the sufficiency of a complaint apply." *Id.*; *see also Drevaleva v. Dep't of Veterans Affs.*, 835 F. App'x 221, 223 (9th Cir. 2020) ("Federal Rule of Civil Procedure 8(a), not the *McDonnell Douglas* framework, provides the appropriate pleading standard for reviewing a Rule 12(b)(6) motion in an employment discrimination action.").

The notice pleading standard assumes the necessary facts will be uncovered through discovery, which a plaintiff does not have the benefit of at the time she files suit. "Such simplified 'notice pleading' is made possible by the liberal opportunity for discovery and the other pretrial procedures established by the Rule to disclose more precisely the basis of both claim and defense and to define more narrowly the disputed facts and issues." *See Conley v. Gibson*, 335 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) (abrogated on other grounds by *Twombly*, 550 U.S. at 544). Following the simple guide of Rule 8(f) that "all pleadings should be so construed as to do substantial justice," as long as a complaint adequately sets forth a claim and gives the defendant fair notice of its basis, the pleadings are sufficient." *Id.* The Federal Rules "accept the principle

Pl.'s Opp. To Def.'s Mot. To Dismiss – 3 of 13
(No. 3:23-cv-06043-TMC)



Beck Chase Gilman PLLC
705 S. Ninth St., Suite 305
Tacoma, WA 98405
253.289.5104

that the purpose of pleading is to facilitate a proper decision on the merits." *Id*. (citing to *Maty v. Grasselli Chem., Co.*, 303 U.S. 197, 58 S. Ct. 507, 82 L. Ed. 745 (1938). Here, Morales is not required to prove her *prima facie* case at this phase of litigation.

**C.   Morales' Complaint Is Not A "Shotgun Pleading," And If It Were, The Remedy Would Be Amendment, Not Dismissal With Prejudice.**

While Defendant acknowledges that the term "shotgun pleading" is "often disparagingly" used, it uses the term to mischaracterize Morales' complaint. *See* Dkt. 6 at page 4, lines 23-24. However, a closer review of the legal authority provided to support such a claim shows that this case is easily distinguishable, and that Morales' complaint is in fact not a "shotgun pleading." Aside from trial court decisions, Defendant cites to Eleventh Circuit precedent for its arguments regarding "shotgun pleadings." Indeed, "[t]he Eleventh Circuit has categorically barred these complaints and has instructed district courts to strike them *sua sponte* and then dismiss them with prejudice **if a plaintiff fails to cure the deficiencies after being given an opportunity to amend**." *See E.K. v. Nooksack Valley Sch. Dist.*, No. C20-1594-JCC, 2021 WL 1531004, at *2 (W.D. Wash. Apr. 19, 2021) (emphasis added). "The Ninth Circuit has affirmed the dismissal with prejudice of at least one 'shotgun pleading' under Rule 8(a), *see Destfino v. Reiswig*, 630 F.3d 952, 958–59 (9th Cir. 2011), **but has not mandated the more aggressive approach required in the Eleventh Circuit**." *Id*. (emphasis added).

What Defendant leaves out of its analysis is the fact that, even where a "shotgun pleading" is found, the remedy is not to dismiss the case with prejudice; it is to grant the plaintiff leave to amend the complaint. *See, e.g., Nissen v. Lindquist*, No. C16-5093 BHS, 2017 WL 26843, at *1 (W.D. Wash. Jan. 3, 2017) (After the court granted plaintiff leave to amend the initial complaint, plaintiff's attorneys filed a 104-page amended complaint asserting seven causes of action including



tort, contract, constitutional and employment law claims. The court dismissed only plaintiff's federal claims, preserving her state law claims, and directed plaintiff to file a second amended complaint); *Dahlstrom v. Life Care Centers of Am., Inc.*, No. 2:21-CV-01465-JHC, 2023 WL 4893491, at *10 (W.D. Wash. Aug. 1, 2023) (A *pro se* plaintiff filed a complaint with 14 causes of action but failed to plead facts to support them. The court dismissed plaintiff's claims without prejudice and with leave to amend); *E.K. v. Nooksack Valley Sch. Dist.*, 2021 WL 1531004 at *5 (Dismissing plaintiffs claims, in part, and offering leave to amend deficiencies in complaint).

Here, if Morales had in fact engaged in "shotgun pleading," the remedy would be amendment, not dismissal with prejudice. However, for the reasons discussed herein, Morales' Complaint is not a "shotgun pleading," but instead complies with Rules 8 and 10.

D.  **Morales' Complaint Contains A Short And Plain Statement Of The Claim Showing That She Is Entitled To Relief Under Rule 8.**

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *See* Fed. R. Civ. P. 8 (a)(2); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 677–78, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing to *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*.

"A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id*. "Nor does a complaint suffice if it tenders 'naked assertion[s]'

Pl.'s Opp. To Def.'s Mot. To Dismiss – 5 of 13
(No. 3:23-cv-06043-TMC)


Beck Chase Gilman PLLC
705 S. Ninth St., Suite 305
Tacoma, WA 98405
253.289.5104

devoid of 'further factual enhancement.'" *Id*. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. at 679.

Here, Morales alleged specific facts that would support each element of her claims. For example, the elements Morales has to prove for her ADA disability discrimination claim are that:

> (1) the plaintiff has a physical or mental impairment;
>
> (2) such physical or mental impairment substantially limited one or more major life activities;
>
> (3) the plaintiff was a qualified individual as that term is later defined in these instructions; and
>
> (4) the plaintiff was discharged because of her physical or mental impairment.

*See* Ninth Circuit Model Jury Instruction 12.1A, ADA Employment Actions—Actual Disability—Elements (with modification to element 4); *see also Smith v. Clark Cnty. Sch. Dist*., 727 F.3d 950, 955 (9th Cir. 2013); *Cooper v. Neiman Marcus Grp*., 125 F.3d 786, 790 (9th Cir. 1997); and 42 U.S.C. § 12112(b)(5)(A), 12111.[1]

Morales did not provide mere conclusory recitations of her elements. For example, instead of merely pleading "**Morales has a physical or mental impairment**." (element 1), Morales pleaded:

> 3.7   Over time, Morales developed lung issues and experienced shortness of breath, pain, and other symptoms. Morales' impairments affected one of more major life activities.
>
> 3.8   In or about August 2020, Morales was diagnosed with pneumonia, and notified Walt's by providing medical documentation.

---

[1] Also included in Morales' case are an ADA failure to accommodate claim, an ADA retaliation claim, a WLAD disability discrimination claim, a WLAD failure to accommodate claim, a WLAD retaliation claim, and a WPFLA claim. The elements to Morales' ADA disability discrimination claim are provided as one example here.

Pl.'s Opp. To Def.'s Mot. To Dismiss – 6 of 13
(No. 3:23-cv-06043-TMC)

Beck Chase Gilman PLLC
705 S. Ninth St., Suite 305
Tacoma, WA 98405
253.289.5104

3.9 On or about August 25, 2020, Morales went to the emergency department with issues related to her lungs and received additional testing.

3.10 In or about September 2020, Morales was diagnosed with interstitial lung disease and Sjogren's disease with lung involvement and was required to take medical leave for one month. Morales continued to provide Walt's with documentation regarding her medical impairments.

*See* Dkt. 1 at ¶¶ 3.7-3.10.

Instead of merely pleading "**Morales' physical or mental impairment substantially limited one or more major life activities**" (element 2), and ""**Morales was a qualified individual as that term is defined by law**" (element 3), Morales pleaded:

3.11 In or about December 2020, Morales returned to work in the cold production area.

3.12 Prolonged hours in the low temperatures of the cold production area, combined with the use of certain chemicals and dry ice in the cold production area, aggravated Morales' symptoms, often preventing her from breathing properly while at work.

3.13 In or about January 2021, Morales requested a transfer to the warmer "kill floor" as a form of reasonable accommodation, in hopes that this would help alleviate symptoms.

3.14 However, in the warmer "kill floor" area, Morales was stationed harvesting beef offal after the cattle were butchered. Offal is comprised of the internal organs and entrails of the butchered cattle. When offal is initially removed from cattle, it weighs 30 to 50 pounds, or more.

3.15 Morales' job in this area was to cut the offal out of each animal and carry the offal five to ten feet and lift it up onto a hook where it would be taken further down the production line.

3.16 After working on the "kill floor" for approximately four months, Morales and her primary car physician noted that repeatedly lifting the beef offal was physically strenuous on Morales, leading to an aggravation of her symptoms, including shortness of breath.

3.17 In or about April 2021, Morales requested the possibility of working a light duty position as a form of reasonable accommodation so that she could

Pl.'s Opp. To Def.'s Mot. To Dismiss – 7 of 13
(No. 3:23-cv-06043-TMC)

Beck Chase Gilman PLLC
705 S. Ninth St., Suite 305
Tacoma, WA 98405
253.289.5104

continue improving. This request was not granted, and Morales continued working her regular position harvesting offal.

3.18   On or about September 15, 2021, Morales requested as a form of reasonable accommodation that she be permitted to work in areas where she was not required to lift more than ten pounds at a time.

3.19   There were various areas that would have complied with this request: once the offal is harvested it is broken up into smaller parts for processing and packaging, including heart, liver, tongue, and tripe (*i.e.* stomach lining). Additionally, there were other positions on the offal production line that involved cutting the offal into its distinct parts, which did not require lifting more than ten pounds.

3.20   Morales requested to be transferred to one of these areas. Additionally, there were other jobs Morales potentially could have performed within the plant.

3.21   Walt's did not grant this request for accommodation or consider whether Morales should be transferred to an alternative position. As a result, Morales was forced to request a short, defined period of additional time off work as a form of reasonable accommodation.

*See* Dkt. 1 at ¶¶ 3.11-3.21.

And instead of merely pleading "**Morales was discharged because of her physical or mental impairment**" (element 4), Morales pleaded:

3.22   After a few weeks of unpaid leave, Morales was informed by Walt's that she would lose her medical coverage if she did not return to work. In order to retain her health benefits, Morales sought permission from her primary care physician to return to work.

3.23   Morales returned to work on or about October 21, 2021.

3.24   Upon her return to work, Morales' doctor warned her that if she ever started to feel ill or short of breath at work, she should immediately seek medical attention.

3.25   On or about October 23, 2021, Morales arrived to work for her scheduled shift.

Pl.'s Opp. To Def.'s Mot. To Dismiss – 8 of 13
(No. 3:23-cv-06043-TMC)


Beck Chase Gilman PLLC
705 S. Ninth St., Suite 305
Tacoma, WA 98405
253.289.5104

3.26 On that day, compliance personnel from the State of Washington were present at Walt's and had shut down operations on the "kill floor" due to safety and health violations.

3.27 Management was requiring employees to clean their equipment and work areas using various chemicals until they were back in compliance and could resume operations.

3.28 That day, due to the abnormally heavy use of chemicals, Morales was exposed to a heavier than normal mixture of noxious odors.

3.29 Due to the chemical odors, Morales began experiencing symptoms associated with her medical impairments, including a headache and difficulty breathing.

3.30 Morales left the "kill floor" to get permission from Walt's management to leave work and seek immediate medical attention.

3.31 After receiving permission from management Morales left work and went directly to the emergency department. She was seen at approximately 10:15 a.m. on October 23, 2021.

3.32 While Morales was in the middle of her medical visit, on October 23, 2021, Walt's called Morales and terminated her employment.

3.33 Morales subsequently reapplied for employment at Walt's within a month or two of being terminated. Walt's did not rehire Morales.

*See* Dkt. 1 at ¶¶ 3.22-3.33.[2]

Here, Morales provided a short and plain statement of facts to show she is entitled to relief under her concurrent state and federal claims of disability discrimination in the workplace. Morales' complaint satisfies Rule 8.

E.     **Morales' Claims Are All Founded On The Same Set Of Occurrences Under Rule 10.**

All of Morales' claims are founded on the same set of occurrences; that she developed lung conditions that were diagnosed during her years of employment with Walt's, that she

---

[2] The remaining pleaded paragraphs not already referenced, 3.1 through 3.6, and 3.34 through 3.37, serve other purposes of detail, such as setting forth facts to give context to Morales' workplace when she was employed by Walt's and to connect the preceding facts to the causes of action, respectively.

Pl.'s Opp. To Def.'s Mot. To
Dismiss – 9 of 13
(No. 3:23-cv-06043-TMC)

Beck Chase Gilman PLLC
705 S. Ninth St., Suite 305
Tacoma, WA 98405
253.289.5104

communicated the need for leaves and other forms of reasonable accommodation, that she asked to leave work to seek immediate medical attention, and that she was fired (and subsequently not hired) as a result. Rule 10(b) states: "If doing so would promote clarity, **each claim founded on a separate transaction or occurrence**--and each defense other than a denial--must be stated in a separate count or defense." *See* Fed. R. Civ. P. 10 (b) (emphasis added). Here, as discussed above, all of Morales' claims are based on the same factual occurrences and all those same facts relate to her concurrent state and federal employment claims. While it is true that Morales could have reiterated the same facts for each individual cause of action, that would serve only to lengthen, but not clarify, the pleading. Morales' complaint satisfies Rule 10.

**F.    Morales' Federal Claims Were Presented Timely And Administratively Exhausted.**

"An individual plaintiff must first file a timely EEOC complaint against the allegedly discriminatory party before bringing an ADA suit in federal court." *See Josephs v. Pac. Bell*, 443 F.3d 1050, 1061 (9th Cir. 2006) (citing to *EEOC v. Farmer Bros. Co.*, 31 F.3d 891, 899 (9th Cir. 1994)). Because Washington is a "deferral" state, a claim must be filed within 300 days of the claimed event of discrimination. *Id.*; *see also* 42 U.S.C.A. § 2003e–5(e) (2003). Here, Morales was terminated on October 23, 2021, and filed her charge with the EEOC within 300 days, on August 15, 2022. Morales' state and federal disability claims, failure to accommodate claims, and retaliation claims, as well as her state WPFMLA claim are all tied to her termination date of October 23, 2021. However, the events leading up to her termination, including her initial diagnoses, her communications to her employer regarding her medical impairments, and her requests for accommodation, are all necessary facts to provide the full context of her claims.

Pl.'s Opp. To Def.'s Mot. To
Dismiss – 10 of 13
(No. 3:23-cv-06043-TMC)

Beck Chase Gilman PLLC
705 S. Ninth St., Suite 305
Tacoma, WA 98405
253.289.5104

**G.      Morales Has Alleged Facts That Would Support Claims For Which Relief Could Be Granted Under Both The ADA And The WFMLA.**

As discussed above, on a motion to dismiss, the court accepts the facts alleged in the complaint as true, and the complaint is construed in the plaintiff's favor. *See UMG Recordings*, 718 F.3d at 1014. Morales has alleged facts under both the ADA and the WFMLA that would support relief granted under both statutes.[3]

　　1.　Morales' Alleged Facts Would Support Relief Under The ADA.

Morales has three claims under the ADA; disability discrimination, failure to accommodate, and retaliation. Morales' disability discrimination and failure to accommodate claims overlap, but "'[a]n employer who discharges, reassigns, or harasses for a discriminatory reason faces a disparate treatment claim; an employer who fails to accommodate the employee's disability, faces an accommodation claim.'" *See Jacobs v. Wal-Mart Stores, Inc.*, No. 3:17-CV-05988-RJB, 2019 WL 117999, at *6–7 (W.D. Wash. Jan. 7, 2019) (discussing ADA and WLAD claims and quoting *Pulcino v. Federal Express Corp.*, 141 Wn.2d 629, 640 (2000)). To prevail on a disability discrimination (disparate treatment) claim, the plaintiff must show: "(1) that she is 'disabled' under the ADA or the WLAD, (2) that she is a 'qualified individual,' that is, an individual able to perform the essential job functions with or without reasonable accommodation, and (3) the defendant terminated her employment because of her disability." *Id*. (quoting *Kees v. Wallenstein*, 973 F.Supp. 1191, 1193 (W.D. Wash. 1997)). To prevail on a failure to accommodate claim, the plaintiff must show: "(1) that she is disabled under the ADA, (2) that she is a 'qualified individual' able to perform the essential job functions with or without reasonable accommodation,

---

[3] Defendant did not assert that Plaintiff has failed to allege facts to support her WLAD claims, so those claims are not addressed here. However, a similar analysis would apply.

Pl.'s Opp. To Def.'s Mot. To Dismiss – 11 of 13
(No. 3:23-cv-06043-TMC)



Beck Chase Gilman PLLC
705 S. Ninth St., Suite 305
Tacoma, WA 98405
253.289.5104

and (3) she suffered an adverse employment action because of her disability." *Id.* (quoting *Samper v. Providence St. Vincent Medical Center*, 675 F.3d 1233, 1237 (9th Cir. 2012)).

Morales' ADA retaliation claim also factually overlaps with her discrimination and failure to accommodate claims. ADA "retaliation requires a plaintiff to show: (1) involvement in a protected activity, (2) an adverse employment action and (3) a causal link between the two." *Alvarado v. Cajun Operating Co.*, 588 F.3d 1261, 1269 (9th Cir. 2009) (quoting *Coons v. Sec'y of U.S. Dept. of Treasury*, 383 F.3d 879, 887 (9th Cir.2004)). Although ADA retaliation claims (unlike WLAD retaliation claims) are redressable only by equitable relief, the Court's equitable powers remain a remedy available to address this situation.

Here, Morales pleaded that she has multiple diagnosed lung conditions, which affect one or more major life activities, that Defendant was aware of her conditions because of her requests for medical leave and other forms of reasonable accommodation, and that Defendant not only failed to grant Morales' accommodation, but also fired her after she requested to leave work to seek immediate medical attention. Defendant then also refused to rehire Morales after firing her in retaliation for her previously protected activity. If all facts are taken as true, with all reasonable inferences applied at this stage, they would provide a basis for relief under the ADA.

2. Morales' Alleged Facts Would Support Relief Under The WFMLA.

Morales also has a State law claim under the WFMLA, which states that an employer is required to "provide the employee with a written statement of the employee's rights" within five business days of an employee's medical absence or notice of the medical issue. *See* RCW 50A.20.010. Further, an employer is required to maintain any existing health benefits of an employee in effect during any period of family or medical leave taken under the statute. *See* RCW

Pl.'s Opp. To Def.'s Mot. To Dismiss – 12 of 13
(No. 3:23-cv-06043-TMC)



Beck Chase Gilman PLLC
705 S. Ninth St., Suite 305
Tacoma, WA 98405
253.289.5104

50A.35.020. While Morales has only a State law claim for medical leave, the WFMLA "mirrors its federal counterpart and provides that courts are to construe its provisions in a manner consistent with similar provisions of the FMLA.'" *See Smith v. Clover Park Sch. Dist. No. 400*, No. 3:21-CV-05767, 2022 WL 17740327, at *7 (W.D. Wash. Dec. 16, 2022) (quoting *Martinez Patterson v. AT & T Servs. Inc.*, C18-1180-RSM, 2021 WL 3617179, at *11 (W.D. Wash. Aug. 16, 2021)).

Here, Morales alleged facts that rather than notifying her of her rights under the WFMLA, and rather than maintaining her health benefits until she returned from leave, Walt's did not allow Morales to take her full medical leave to seek treatment for her own serious health condition and informed Morales that she would lose her medical coverage if she did not end her leave early and return to work. *See* Dkt. 1 at ¶ 3.22, 3.35. Taken as true, this would violate the WFMLA.

### III. Conclusion

The next step of this case is discovery, wherein Morales will seek the additional facts and evidence necessary to prove her case in chief. Morales requests that this Court deny Defendant's motion to dismiss and allow this case to be decided on its merits.

I certify this Opposition contains 4,091 words, in compliance with the Western District of Washington Local Civil Rules.

Dated March 18, 2024.

BECK CHASE GILMAN PLLC

By:  /s/ Janelle E. Chase Fazio
James W. Beck, WSBA No. 34208
james@bcglawyers.com | D 253.289.5122
Eric D. Gilman, WSBA No. 41680
eric@bcglawyers.com | D 253.289.5108
Janelle E. Chase Fazio, WSBA No. 51254
janelle@bcglawyers.com | D 253.289.5136
Attorneys for Plaintiff Maria Huerta Morales


Beck Chase Gilman PLLC
705 S. Ninth St., Suite 305
Tacoma, WA 98405
253.289.5104

# Certificate of Service

I certify that on March 18, 2024 in Tacoma, Washington, I caused the attached **Plaintiff's Opposition to Defendant's Motion to Dismiss** to be served as follows:

| Brad Bigos<br>O'Hagan Meyer PLLC<br>600 1st Ave., Suite 102 #2256<br>Seattle, WA 98104<br>bbigos@ohaganmeyer.com<br>(971) 315-0652<br>Attorneys for Defendant | Via:<br>☐ Messenger<br>☐ First Class U.S. Mail<br>☒ E-filing / E-Service<br>☐ Email per e-service agreement<br>☐ _____ |
|---|---|

/s/ Alexis Baltazar
Alexis Baltazar, Paralegal
BECK CHASE GILMAN PLLC

Pl.'s Opp. To Def.'s Mot. to Dismiss –
Certificate of Service
(No. 3:23-cv-06043-TMC)



BECK CHASE GILMAN PLLC
705 S. Ninth St., Suite 305
Tacoma, WA 98405
253.289.5104