UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MARIA DEL CARMEN HUERTA MORALES,

Plaintiff,

v.

WALT'S WHOLESALE MEATS INCORPORATED,

Defendant.

Case No. 3:23-cv-06043-TMC

ORDER DENYING MOTION TO DISMISS

## I. INTRODUCTION

Plaintiff Maria del Carmen Huerta Morales is a former employee of Defendant Walt's Wholesale Meats Incorporated. Morales worked at Walt's livestock slaughtering facility in Woodland, Washington from January 2018 until October 2021. Dkt. 1 at ¶ 3.3, 3.32. Morales claims that Walt's failed to accommodate her disability, fired her because of her disability and in retaliation for asserting her workplace rights, and violated her rights to protected medical leave, contrary to Washington state and federal law. *See* Dkt. 1. Walt's moves to dismiss, arguing that her complaint is a "shotgun pleading," that some claims are time barred, and that some claims are not supported by sufficient factual allegations. *See* Dkt. 6. Because Morales pleads sufficient

facts to state plausible claims for relief under Rules 8 and 10 of the Federal Rules of Civil Procedure, the motion to dismiss is DENIED.

## II. BACKGROUND

Morales's complaint alleges the facts that make up her claims in straightforward, chronological order. The Court must assume those facts are true when ruling on a motion to dismiss. *Retail Prop. Tr. v. United Bhd. of Carpenters & Joiners of Am.*, 768 F.3d 938, 945 (9th Cir. 2014). Morales alleges that after working on the "kill floor" and cold production areas of Walt's slaughterhouse for over two years, she developed lung impairments that affected her major life activities and was diagnosed in September 2020 with interstitial lung disease and Sjogren's disease. Dkt. 1 ¶¶ 3.3–3.10. Because the temperature and chemicals in the cold production area interfered with her breathing, Morales received a transfer in January 2021 back to the kill floor. *Id.* ¶¶ 3.11–3.13. But her role harvesting parts of the carcasses required heavy lifting and caused shortness of breath. *Id.* ¶¶ 3.14–3.16. In April and September 2021, Morales requested light duty or an assignment with a lifting restriction as reasonable accommodations for her disability. *Id.* ¶¶ 3.17–3.20. Despite having available jobs that met her restrictions, Walt's denied those requests. *Id.* ¶¶ 3.19–3.21. Morales instead took unpaid leave, but she returned after Walt's told her she would lose her medical benefits if she did not come back to work. *Id.* ¶¶ 3.21–3.23.

A few days after returning to work, Morales began to have difficulty breathing due to the chemicals used to clean equipment on the kill floor. *Id.* ¶¶ 3.25–3.29. Based on her doctor's advice, she went to the emergency room, after asking Walt's management for permission to leave. *Id.* ¶¶ 3.24, 3.30–3.31. Walt's called while she was there and terminated her employment. *Id.* ¶ 3.32. She reapplied for employment at Walt's within a month or two but was not rehired. *Id.* ¶ 3.33. Morales contends that Walt's conduct violated the Americans with Disabilities Act, the

Washington Law Against Discrimination, and the Washington Family and Medical Leave Act. *Id.* ¶¶ 4.1–4.9.

## III. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), the Court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Rule 12(b)(6) motions may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (citation omitted). To survive a Rule 12(b)(6) motion, the complaint "does not need detailed factual allegations," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), but "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Boquist v. Courtney*, 32 F.4th 764, 773 (9th Cir. 2022) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A claim is facially plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id.* (quoting *Iqbal*, 556 U.S. at 678). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678.

The Court "must accept as true all factual allegations in the complaint and draw all reasonable inferences in favor of the nonmoving party." *Retail Prop. Tr.*, 768 F.3d at 945. Legal conclusions are not accepted as true. *Twombly*, 550 U.S. at 555.

## IV. DISCUSSION

### A. Morales's complaint is not a "shotgun pleading."

Walt's first argues that Morales's complaint should be dismissed because it is a "shotgun pleading" that violates Rules 8(a)(2) and 10(b) of the Federal Rules of Civil Procedure. Dkt. 6 at 4–8. Although the Eleventh Circuit has created strict rules against so-called "shotgun pleadings,"

the Ninth Circuit has not mandated that "aggressive approach." *E.K. V. Nooksack Valley Sch. Dist.*, No. C20-1594-JCC, 2021 WL 1531004 at *2 (W.D. Wash. Apr. 19, 2021). Courts in the Ninth Circuit do, of course, apply Rules 8(a)(2) and 10(b) and may dismiss complaints that violate those rules (typically with leave to amend). But whatever one calls these rules, Morales's complaint has not broken them.

Rule 8(a) says that "[a] pleading that states a claim for relief must contain . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 10(b) says that "[i]f doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . Must be stated in a separate count or defense." Fed. R. Civ. P. 10(b).

Morales's complaint is six pages long. Dkt. 1. It asserts claims under three employment statutes by a single plaintiff against a single defendant. All the claims arise from Walt's actions with respect to Morales's disabilities and requests for medical leave and accommodations between September 2020 and October 2021. Morales sets outs the facts that support her claims in a simple chronological order that is easy to follow, and then pleads the three statutes she contends Walt's violated. *See id.*

This meets the "short and plain statement" requirement of Rule 8(a)(2), and although the complaint does not state each claim in a separate count, that is not necessary for clarity. Walt's arguments that Morales's complaint "leaves it guessing" which facts support which claims or requires "solving puzzles" to understand the allegations, *see* Dkt. 6 at 5–6, are not at all persuasive. "There is nothing particularly puzzling about the underlying circumstances of this case and what is being alleged against whom." *Dawson v. South Correctional Entity ("SCORE")*, No. C19-1987-RSM, 2020 WL 1182808, at *3 (W.D. Wash. Mar. 12, 2020)

(rejecting "shotgun pleading" argument). Walt's motion to dismiss the entire complaint on this basis is denied.

**B. Morales's ADA claims are within the statute of limitations.**

Walt's next contends that "any claims under the ADA based on any event or allegedly offending conduct that occurred prior to October 19, 2021 are untimely and time barred." Dkt. 6 at 8. Walt's points out that Morales's ADA claims have an administrative exhaustion requirement, and that she filed her EEOC charge on August 15, 2022, meaning that any claims based on events more than 300 days before the charge was filed are untimely. *Id.*; *see Josephs v. Pac. Bell*, 443 F.3d 1050, 1061 (9th Cir. 2006). Morales does not dispute this statement of the law, but she clarifies in response that her ADA claims "are all tied to her termination date of October 23, 2021," and that her factual allegations about earlier events are only for "full context." Dkt. 10 at 10. Given that concession, Morales's ADA claims are timely and this argument is not a basis for dismissal.

**C. Morales states plausible claims to relief.**

Finally, Walt's argues that Morales has not stated plausible claims for relief under the ADA or the Washington medical leave laws. Dkt. 6 at 8–13. Walt's has not challenged Morales's claims under the Washington Law Against Discrimination. The Court addresses each argument in turn, but generally, Walt's arguments all rest on a misunderstanding of the Rule 12(b)(6) standard or the elements of Morales's claims.

*1. Disability Discrimination Under the ADA*

Walt's first argues that Morales has not plausibly alleged an ADA disparate treatment claim because she did not specifically "show that her symptoms on [the day she was fired] qualified as a disability," meaning she did not allege that *on that day* her lung disease "substantially limited one or more life activities." Dkt. 6 at 9. This argument misstates both the

allegations and what the law requires. Morales alleged that she had lung conditions that affected major life activities, including breathing, and that she went to the emergency room on the day she was fired for "symptoms associated with her medical impairments, including a headache and difficulty breathing." Dkt. 1 ¶¶ 3.7, 3.10, 3.29–3.32. She did not need to use the exact words of the ADA or allege the well-established (and rather obvious) legal conclusion that breathing is a major life activity. *See Bragdon v. Abbott*, 524 U.S. 624, 638–39 (1998) (quoting regulations defining "major life activity" to include breathing).

Second, Walt's argues that Morales did not sufficiently allege that "she was qualified to perform the position with or without accommodation." Dkt. 6 at 9. This is inaccurate; Morales did allege that she was qualified and that she had already performed the position for more than two years. Dkt. 1 ¶¶ 3.3–3.4, 3.11–3.16, 3.34.

Third, Walt's argues that Morales did not plead facts that "she was replaced by or treated less favorably than a person outside the protected class." Dkt. 6 at 9. This misstates the law—a plaintiff is not required to plead (or pursue) a comparator evidence theory of discrimination. "A plaintiff may show an inference of discrimination in whatever manner is appropriate in the particular circumstances." *Hawn v. Exec. Jet Mgmt., Inc.*, 615 F.3d 1151, 1156 (9th Cir. 2010) (internal quotation marks and citation omitted). "A plaintiff may do so through comparison to similarly situated individuals, or any other circumstances surrounding the adverse employment action that give rise to an inference of discrimination." *Id.* (cleaned up). Here, Morales has alleged she was fired while in the emergency room for lung impairments that had forced her to leave work that day and had previously caused her to take time off work and seek reasonable accommodations for her disability. These allegations are sufficient circumstances to "give rise to an inference of discrimination." *See id.*

*2. Rehiring Under the ADA*

Walt's next argues that any ADA claims based on rehiring should be dismissed because Morales has not sufficiently alleged "the position to which she applied, whether she could perform that position with or without an accommodation, whether or not Defendant had any positions available, or whether anyone outside her class was treated differently than her." Dkt. 6 at 10. Based on Morales's allegations that she "reapplied" within 1–2 months of her firing (Dkt. 1 ¶¶ 3.33–3.34, 3.37), on a 12(b)(6) motion, Morales is entitled to a reasonable inference that she applied to the same positions she could perform, and the circumstances surrounding her firing and reapplication give rise to an inference of discrimination. She is not required to plead a comparator theory.

*3. Retaliation Under the ADA*

Walt's contends that Morales has not plausibly stated an ADA retaliation claim because she "does not allege why or on what basis" seeking permission to leave work to go to the emergency room on October 23, 2021 is "a protected activity." Dkt. 6 at 10. But Morales is not required to plead legal arguments, and it has been established for decades in the Ninth Circuit that medical leave can be a form of reasonable accommodation. *Nunes v. Wal-Mart Stores, Inc.*, 164 F.3d 1243, 1247 (9th Cir. 1999). Asking to leave work to seek medical treatment for one's disability is reasonably construed as asking for accommodation under the ADA, and "[p]ursuing one's rights under the ADA constitutes a protected activity." *Pardi v. Kaiser Foundation Hosp.*, 389 F.3d 840, 850 (9th Cir. 2004). Walt's argument also incorrectly presumes that the protected activity must have happened on the same day it fired Morales—but Morales has alleged protected activity on multiple occasions in the months before Walt's fired her. *See* Dkt. 1 ¶¶ 3.17, 3.18, 3.21, 3.31; *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1065 (9th Cir. 2002) (adverse action must occur "fairly soon" after protected activity).

Walt's also argues that Morales "did not plead sufficient facts to support whether there is a causal link between" the firing Morales and the protected activity. Dkt. 6 at 11. But Morales has alleged that Walt's fired her only a month after she sought job modifications as accommodations for her disability, which Walt's denied, and the same day that she sought leave from work to seek treatment for her impaired breathing. Dkt. 1 ¶¶ 3.18–3.21, 3.30–3.32. Morales is not required, as Walt's contends, to "plead facts about who made the termination decision, whether that person had knowledge of any protected activity, when the decision was made, or whether her work performance was satisfactory before the adverse action." Dkt. 6 at 11. "[C]ausation can be inferred from timing alone where an adverse employment action follows on the heels of protected activity." *Villiarimo*, 281 F.3d at 1065.

*4. Reasonable Accommodation Under the ADA*

Walt's similarly argues that Morales has not sufficiently alleged that it failed to accommodate her disability on the day it fired her, because she "she requested *and received* permission to leave work to seek medical attention" on that day. Dkt. 6 at 12. It does not require much inference in Morales's favor to conclude that Walt's decision to fire her once she was at the emergency room rather than immediately when she asked for permission to leave work does not meaningfully change the nature of the action. Morales has plausibly alleged that Walt's failed to accommodate her disability when it fired her rather than allowing her the reasonable accommodation of leave to seek medical treatment. *See Nunes*, 164 F.3d at 1247.

*5. Washington Family and Medical Leave Act*

Walt's next makes several arguments that Morales has failed to plead a claim under Washington's Family & Medical Leave Act. They are similarly unpersuasive. Under the statute, "it is unlawful for any employer to: (a) Interfere with, restrain, or deny the exercise of, or the attempt to exercise, any valid right provided under this title." RCW 50A.40.010. Under the

analogous federal FMLA, "employer actions that deter employees' participation in protected activities constitute 'interference' or 'restraint' with the employees' exercise of their rights." *Bachelder v. Am. West Airlines, Inc.*, 259 F.3d 1112, 1124 (9th Cir. 2001); *see Espindola v. Apple King*, 6 Wn. App. 2d 244, 256, 430 P.3d 663 (Div. 3 2018) (applying *Bachelder* to Washington's leave act). Morales has plausibly alleged that Walt's interfered with or restrained her medical leave in September or October 2021 when it threatened her with unlawful termination of her medical benefits if she did not return to work. This is enough to support her claim at this early stage of litigation.

## V. CONCLUSION

For the reasons explained above, Defendant's motion to dismiss (Dkt. 6) is DENIED.

Dated this 24th day of May, 2024.

Tiffany M. Cartwright
United States District Judge